CHARLES W. THOMAS and wife v. BLUE RIDGE AND ATLANTIC RAILWAY COMPANY.

(Filed 27 May, 1907).

**Railroads—Contracts—Conditions—Forfeiture.—**A railroad company cannot avoid a forfeiture under a time limit for the construction of its line of road, unless it substantially complies with the provision therefor in its deed.

(The opinion in *McDowell v. Railway* (next above) controls the disposition of this appeal).

CIVIL ACTION, tried before *O. H. Allen, J.,* trial by jury being waived by consent, at the Spring Term, 1907, of the Superior Court of MACON County. From a judgment for plaintiff, defendant appealed.

The facts in this case are substantially like those in the case of *McDowell v. Railway*, at this term. The deed executed to the defendant by plaintiff and wife contained the same condition as set out in the *McDowell case*. The same proceedings were had, the parties entering into an agreed state of facts as in that case. The facts in this case, in respect to the performance of the condition, are as follows: "About 1 May, 1906, the defendant entered upon and occupied the strip of land through and over said described tract for railway purposes, and on 23 May, 1906, about one-half the grading of said road had been done, and the work of grading, except surfacing, was finished on 16 June, 1906, but no ties nor track were laid upon said land until August, 1906, after the commencement of this action. The plaintiffs, soon after 23 May, 1906, notified the contractors at work on said land not to do any more work thereon, and petitioners instituted this condemnation proceeding on 21 July, 1906. About fifty per cent. of the work of grading of said entire line of railway from the Georgia State line to Franklin had been done on 23 May, 1906, and about seventy-five per cent. of the grading between the Georgia State line and Prentiss, a station on said railway, five miles from Franklin, had been done on said date. The land of the plaintiffs is situated about one mile from Prentiss and between that station and the Georgia line. No track nor ties had been laid upon any part of said line of railway, nor had any part of the grading been completed, ready for the ties and track, upon said 23 May, 1906; but parts or sections of the grade on said line had been approximately built, ready for the surfacing or subgrading necessary for exact grade. The first contract for the grading of said road was let in the year 1905, and work was begun upon said contract about May, 1905, and has been continually in progress since. The track was laid and train service inaugurated to Prentiss station, above mentioned, on 29 August, 1906."

The Court, upon the agreed facts, appointed commissioners to go upon that portion of plaintiffs' land occupied by the defendant and assess their damages. Upon the coming in of the report, after hearing exceptions thereto, judgment was duly rendered in the Superior Court, at a regular term, condemning for defendant's use a right-of-way over plaintiffs' land and assessing the damages therefor. Defendant excepted and appealed.

There are several assignments of error in the record, but they are all involved in the two contentions argued in this Court:

1. That, in the light of the facts agreed upon, there has been no forfeiture by defendant.

2. That if there has been such forfeiture at law, upon the allegations in the answer and the facts agreed upon the defendant is entitled to be relieved therefrom by a court of equity.

*Horn & Mann* for plaintiffs.
*Jones & Johnston* and *Shepherd & Shepherd* for defendant.

CONNOR, J., after stating the case: The decision in the case of *McDowell v. Railway,* at this term, controls the disposition of this appeal. The only difference between the two cases is found in the fact that "about 1 May, 1906, defendant entered upon and occupied the strip of land through and over said described tract for railway purposes, and on 23 May about one-half the grading of said road had been done." We do not think that this act of the defendant substantially complies with the condition in the deed. It falls far short of constructing the road over the premises granted. In all other respects the two cases are conceded to be alike.

For the reasons set forth and upon the authorities cited in the opinion in that case, the judgment herein must be

Affirmed.